IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALLSTATE LIFE INSURANCE COMPANY, SUCCESSOR IN INTEREST TO GLENBROOK LIFE AND ANNUITY COMPANY** | § § § § § | **PLAINTIFF** |
| v. | § § | **CIVIL ACTION NO. 1:05CV164-LG-JMR** |
| **THE ESTATE OF CHARLES THOMAS REED, ET AL.** | § § | **DEFENDANTS** |

## JUDGMENT BY DEFAULT PURSUANT TO FED. R. CIV. P. 55

THIS MATTER COMES BEFORE THE COURT on the Motion for Default Judgment [75-1] filed by the defendants, Virginia Parnell and the Estate of Charles Thomas Reed, against co-defendant, John Reed. After due consideration of the Motion, it is the Court's opinion that the Motion is well-taken and should be granted.

## DISCUSSION:

The plaintiff, Allstate Life Insurance Company as Successor in Interest to Glenbrook Life and Annuity Company ("Allstate"), filed this interpleader action against Virginia Parnell, John Reed, the Estate of Charles Thomas Reed, Suzuko Marshall, and Ralph Marshall, seeking a determination as to which parties are entitled to the proceeds of an annuity purchased by Charles Thomas Reed prior to his death. Each of the individual defendants has claimed to be a beneficiary of the annuity. An attorney entered an appearance on behalf of the defendant, John

Reed, but no responsive pleadings were ever filed on behalf of John Reed. On March 31, 2006, Virginia Parnell and the Estate of Charles Thomas Reed filed a Motion for Default Judgment as to John Reed pursuant to FED. R. CIV. P. 55 due to his failure to file a responsive pleading to Allstate's Complaint. John Reed has not responded to the Motion for Default Judgment.

FED. R. CIV. P. 55(d) provides: "The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or a party who has pleaded a cross-claim or counterclaim . . . ." The list set forth in Rule 55(d) is not exclusive, and interpleader defendants can seek a default judgment against other defendants. *Amoco Production Co. v. Aspen Group*, 59 F. Supp. 2d 1112, 1117 (D. Colo. 1999); *European American Bank v. Royal Aloha Vacation Club*, 1988 WL 68194 at *1-2 (S.D.N.Y. 1988); *see also* 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2701 (1983). "The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted." *Gulf Coast Galvanizing, Inc. v. Steel Sales Co.*, 826 F. Supp. 197, 203 (S.D. Miss. 1993).

Since John Reed failed to file a responsive pleading and failed to respond to the Motion for Default Judgment, it is the Court's opinion that the Motion for Default Judgment should be granted, and that the defendant, John Reed, has forfeited his claim as an alleged beneficiary to the interpled funds. However, this Court's ruling does not affect any claim that John Reed may have as an heir of the Estate of Charles Thomas Reed.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that the Motion for Default Judgment [75-1] should be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED,** that the defendant, John Reed, shall not be entitled to any of the funds interpled into this Court by the plaintiff, Allstate Life Insurance Company as Successor in Interest to Glenbrook Life and Annuity Company. However, this judgment does not prejudice any quiescent rights or claims the defendant may assert as an heir of the Estate of Charles Thomas Reed.

**SO ORDERED AND ADJUDGED** this the 21th day of March, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE